**SAMUEL SCATLIFFE, through his Attorney in Fact, ELSA FRAZER, Plaintiff**

v.

**CECIL GEORGE, et al., Defendants**

Civil No. 265/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 12, 1980

---

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for plaintiff*

THOMAS K. MOORE, ESQ., St. Thomas, V.I.

CHARLOTTE POOLE DAVIS, ESQ., St. Thomas, V.I., *for defendant Christian*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

■ Defendant Randolph Christian moves to vacate the default judgment entered against him on the cross-claim of defendants Cecil George and Jose Sprauve. That judgment was entered on October 26, 1979, and may be vacated pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 60(b)(1) (1966).[1] This motion is addressed to the court's discretion. Wagner v. Pennsylvania Railway Co., 282 F.2d 392 (3d Cir. 1960).

■ In setting aside a default judgment under Rule 60, the court must consider whether the defendant has shown excusable neglect, as well as whether any prejudice would inure to the opposing party and whether the defendant has shown a meritorious defense. Medunic v. Lederer, 533 F.2d 891 (3d Cir. 1976). Indeed, showing a meritorious defense is a prerequisite to setting aside a default judgment. Bank of NT & SA v. Quarshie, Civil No. 129/1979 (D.V.I., Div. St. T. & St. J., September 19, 1979). While the defendant need not prove that he would prevail on the merits, he must do more than make an unsupported allegation of a defense. At a minimum, he must allege a credible factual basis of such a meritorious defense, Residential Reroofing Union Local 30-B v. Mezicco, 55 F.R.D. 516 (E.D. Pa. 1972); Wagg v. Hall, 42 F.R.D. 589 (E.D. Pa. 1967), and must accompany such a motion with supporting evidence that tends to show that the asserted defense is potentially meritorious. National Security Corporation v. Letellier, Civil No. 74-690 (D.V.I., Div. St. T. & St. J., April 1, 1975).

■ Defendant Christian claims to have a meritorious defense to the cross-claim, but he has neither alleged a factual basis for his claimed defense nor has he accompanied his motion with supporting evidence. First he claims that defendants George and Sprauve breached the Purchase and Sales Agreement out of which their cross-claim arose "by failing to deliver mover functional and operational car wash as warranted." The Purchase and Sales Agreement attached to George's and Sprauve's response to Christian's motion, however, shows that no such warranty was ever made. In fact, the agreement states, "the Buyers have examined the premises and are willing to accept the premises as they are with all the equipment and other assets presently located and situated on the premises." Defendant Christian has not challenged the attached agreement, nor has he asserted that the agreement was modified. Thus, the

---

[1] These rules are made applicable to this court by 5 V.I.C. App. IV, R. 7 (1966).

court does not believe defendant Christian has shown this to be a meritorious defense.

Defendant Christian also asserts that the agreement was breached by George's and Sprauve's failure to enter a sublease agreement. Again, the attached agreement, the validity of which Christian does not dispute, states:

> the Sellers shall retain possession of the lease as security until such time as the entire Ten Thousand Nine Hundred Fifty-two and no/100 Dollars ($10,952.00) indebtedness on the business owed to Chase Manhattan Bank is paid in full by the Buyers, and the One Thousand Five Hundred and no/100 Dollars ($1,500.00) balance due the Sellers is paid by the Buyers to the Sellers;
>
> . . .
>
> . . . such assignment [of the lease] shall not be made until such time as the above amounts due the Sellers and the assumed indebtedness is paid in full by the Buyers.

Christian neither alleges nor provides supporting evidence that he has paid the required sums.[2] Consequently, it does not appear that the obligation to enter a sublease has arisen or that this provides Christian with a meritorious defense.

■ Finally, Christian claims that defendants George and Sprauve misrepresented their ability to enter the sublease agreements when defendants were in arrears in rent "causing plaintiff to withhold consent to any sublease." Again, the court does not believe that Christian has made an adequate factual showing that misrepresentation is a meritorious defense. At a minimum, facts should be alleged regarding the content of any specific misrepresentation as well as by whom and when the misrepresentation was made as is required when fraud is pleaded under Fed. R. Civ. P. 9(b), 5 V.I.C. App. I, R. 9(b) (1966). See 5 C. Wright and A. Miller, Federal Practice and Procedure; Civil §§ 1296, 1297 (1969).

■ Although misrepresentation is a defense that is distinct from fraud and not technically required by Rule 9(b) to be pleaded with particularity, the court believes that Rule 7(b), 5 V.I.C. App. I, R. 7(b) (1966), which requires the grounds for a motion to be stated with particularity, is a sufficient basis for extending the particularity requirement to allegations of misrepresentation where the court

---

[2] The affidavits of defendants George and Sprauve assert that such sums have not been paid by either of the cross-defendants.

is asked to vacate a default judgment. Cf. Girard Trust Bank v. Martin, 557 F.2d 386 (3d Cir. 1977) (regarding the pleading of fraud in a motion to vacate a judgment by confession). This requirement of particularity is consistent with the requirement that a credible factual basis be alleged to show that a defense is meritorious, and is especially appropriate here because misrepresentation is so closely related to fraud. See 5 C. Wright and A. Miller, at p. 399–400. Therefore the court concludes that Christian has not shown misrepresentation to be a meritorious defense.

■ In addition to failing to demonstrate that he has a meritorious defense, defendant Christian has failed to show excusable neglect. First he contends that he was physically and mentally disabled when he was served because he was hospitalized for two months for treatment of burns. The record, however, shows that the defendant was out of the hospital for nearly a month when the cross-claim was served.[3] Furthermore, no doctor's certificate is attached to the motion supporting Christian's contention that he continued to be physically and mentally disabled at the time of the service. See Keen-Mar Airpark, Inc. v. Toth Aircraft Service and Accessories, 12 F.R.D. 399 (W.D. Mo. 1952). Moreover, Christian does not contend that he continued to be disabled up to October 26, 1979 when the default judgment was entered.

■ Defendant Christian also contends that his neglect should be excused because he mistakenly left the original complaint with an attorney without leaving a retainer, and assumed that the attorney would take care of the case. In addition, he says that due to his physical and mental condition he requested his partner to follow through with the case. He does not state, however, that his partner agreed to follow through. Consequently, absent some showing that the attorney led the defendant to believe the case would be taken without a retainer, or a credible explanation for failing for two and a half months to communicate with either the attorney or defendant's partner regarding the progress of the case, the court cannot conclude that these explanations show excusable neglect.

Indeed, the court cannot accept as excusable a defendant, when faced with a $5,000 claim, simply leaving a complaint with an attorney who has not been retained and requesting a partner to fol-

---

[3] The marshal's return of service shows that Christian was served with plaintiff's complaint on August 15, 1980. Christian was no longer in the hospital at that time. Christian was served with the cross-claim on September 11, 1979. Default judgment was not entered until October 26, 1979.

low through, without further inquiry. This is especially so when this is followed by the defendant being served with a cross-complaint. Cf. Residential Reroofing Union Local 30-B v. Mezicco, supra (where there was no attempt by the defendant to ascertain in any way from anyone what he should do to assert his defense, the court refused to set aside a default judgment based on defendant's excuse that he "was not cognizant of the importance of being represented by counsel until after the judgment was entered.") But see Standard Grate Bar Co. v. Defense Plant Corp., 3 F.R.D. 371 (M.D. Pa. 1944).

Defendant Christian also contends that he was unaware that the cross-complaint served on him required an answer. Yet, the summons of the cross-complaint served on defendant clearly states:

Within the time limited by law . . . you are hereby required to appear before this court and answer to a cross-complaint filed against you in this action;

This form of summons is served on all defendants, and the court does not believe it is so unclear or ambiguous as to cause defendant Christian to think that no action was required upon its receipt. Defendant Christian, like all other defendants, must, in the absence of a showing of incapacity, be held responsible for reading properly served legal process and taking appropriate action. In this case, such action would certainly have been no less than contacting the attorney with whom defendant left the original complaint.

Finally, defendant Christian contends his neglect is excusable because he believed that the case filed by the plaintiff had been settled. While it is true that the plaintiff and defendants George and Sprauve settled their differences, nothing has been submitted to indicate why defendant believed the case against him had been settled. Thus the court cannot conclude that his belief was at all reasonable.

Accordingly, the court does not believe defendant Christian has shown circumstances and conduct constituting excusable neglect. To permit the matter to be reopened where there is no showing of a meritorious defense or excusable neglect would prejudice the rights of defendants George and Sprauve to obtain final satisfaction of the judgment and debt owed them. Accordingly, defendant Christian's motion to set aside the default judgment will be denied.

Defendants George and Sprauve, in addition to opposing the motion to vacate the default judgment, also move to amend this court's judgment of November 27, 1979. Defendants assert that the

figure representing the sum due on the indebtedness to Chase Manhattan Bank and assumed by defendants Testamark and Christian was inadvertently omitted from the defendant's earlier affidavits, from the proposed judgment, and the judgment of the court. Defendants have now submitted an affidavit of Alicia Vante, an officer of the Chase Manhattan Bank, setting forth the amount due on the loan. A review of the record clearly shows that although space was left for the amount due on defendants' affidavit and proposed judgment, the figure was never inserted. The court believes, as stated in defendant George's affidavit, that this omission was due to oversight. The record also clearly shows that the loan was assumed by defendants Christian and Testamark. Thus, it is appropriate under Rule 60(a), Fed. R. Civ. P., 5 V.I.C. App. I, R. 60(a), 5 V.I.C. App. IV, R. 7, to amend the judgment to include this amount as due defendants George and Sprauve from cross-defendants Christian and Testamark.[4]

## ORDER

This court having this day rendered a Memorandum Opinion, it is

ORDERED that defendant Christian's motion to vacate the default judgment is hereby denied, and it is further

ORDERED that defendants' George and Sprauve's motion to amend the judgment is hereby granted, and it is further

ORDERED that the judgment of November 27, 1979 be and hereby is amended by adding the following to paragraph 2 of that judgment:

, and judgment against said defendants in the amount of $6,785.07, plus additional interest as may be due pursuant to the terms of the note, representing the amount due on the note from Chase Manhattan Bank, payment of which was assumed by defendants Testamark and Christian pursuant to the Purchase and Sale Agreement of December 13, 1977.

---

[4] Rule 60(a) permits the court to amend a judgment and correct errors arising from oversight or omission.