

**FILED**

May 12, 2026 05:08 PM
ST-2004-CV-00430
**TAMARA CHARLES
CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| STEVEN J. MALPERE,[1]<br>Cross-Claimant;<br><br>vs.<br><br>ANAHITA MIRAFTABI, both individually and as Trustee of the Anahita Miraftabi Revocable Trust,<br><br>Cross-Defendant. | Case No. ST-2004-CV-00430 |

**2026 VI Super 5U**

W. Mark Wilczynski, Esquire
Law Offices of W. Mark Wilczynski
St. Thomas, V.I.
*Counsel for Cross-Claimant, Steven J. Malpere*

Mark D. Hodge, Esquire
Law Office of Hodge & Hodge
St. Thomas, V.I.
*Counsel for Cross-Defendant, Anahita Miraftabi, both individually and as Trustee of the Anahita Miraftabi Revocable Trust*

## MEMORANDUM OPINION AND ORDER

¶1 **THIS MATTER** is before the Court on Cross-Defendant, Anahita Miraftabi's (hereinafter "Miraftabi"), "Emergency Motion to Dismiss for Failure to Prosecute," filed October 29, 2025,[2] wherein Miraftabi requests that the Court enter an Order of dismissal due to Cross-Claimant Steven Malpere's (hereinafter "S. Malpere") failure to prosecute. It has been more than six (6) months, and S. Malpere has yet to respond to the Motion to Dismiss. Having received no opposition to the Motion to Dismiss and given the lack of activity in seven (7) years, the Court has considered the arguments presented in the Motion to Dismiss, applied the "*Halliday* Factors," and determined that granting the

---

[1] The caption is hereby amended pursuant to V.I.R. Civ. P. 15-2 to reflect the sole remaining Parties following the various stipulations of voluntary dismissal.

[2] The Court record reflects that, on January 17, 2022, this matter was administratively closed; however, there is no indication why. Therefore, it was dormant and not brought to the undersigned's attention until Miraftabi filed an "Emergency Motion for Status Conference."

2026 VI Super 5U

Motion to Dismiss is appropriate. Therefore, for the reasons outlined below, the Court will enter an order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2     On September 13, 2004, Sprat Bay Homeowners' Association, Inc. (hereinafter "Sprat Bay") filed a Complaint against, then, Defendants S. Malpere and Linda Sue Brooks Malpere for debt and foreclosure of lien. The Complaint claimed that Defendant S. Malpere was the owner of Sprat Bay Estates Lots 51, 52, and 53 (hereinafter the "Properties"), which were acquired on September 14, 1998. Defendant Linda Malpere was joined as a party because she recorded at the Office of the Recorder of Deeds for the District of St. Thomas and St. John a $475,000.00 judgment (Doc. No. 2003001048) and a Notice of Lis Pendens (Doc. No. 1999005351 recorded September 21, 1999) against the Properties. On September 29, 2005, Document Number 2005010042 was recorded in which L. Malpere released the mortgage and lis pendens.

¶3     The Complaint alleged that Defendant S. Malpere failed to pay the assessments due on the Properties and fell into arrears, which caused Sprat Bay to file statutory liens against the Properties and institute this lawsuit.

¶4     On October 18, 2004, Sprat Bay filed a First Amended Complaint adding National Loan Investors, L.P. as a Defendant because it had filed a mortgage and security agreement against the Properties. On January 21, 2005, S. Malpere executed a waiver of service of process. On April 13, 2005, the Clerk of the Court entered default against Defendant S. Malpere for failing to appear, answer, respond, or defend in response to Spratt Bay's "Request for Entry of Default" that had been filed on March 23, 2005. S. Malpere's waiver of service was attached thereto as Exhibit A. However, S. Malpere did not file his answer until September 6, 2006, at which time he also sought an extension

2026 VI Super 5U

of time to file an answer. In this Court's August 31, 2007 Order, the dismissal order of January 8, 2007, was "VACATED . . . as to the cross claims of Defendants . . . Steven Malpere . . . ."[3]

¶5     On November 9, 2005, Intervenor Miraftabi, trustee of the Anahita Miraftabi Revocable Trust, filed a Motion to Intervene because "the trust is the owner in fee simple of the Properties, the successor in interest to Defendant to S. Malpere, and has assumed certain obligations of Defendant S. Malpere, including the liens that Sprat Bay seeks to foreclose through this action."[4]

¶6     As of December 8, 2005, when Miraftabi filed an "Opposition to Second Motion to Dismiss," the claims in this proceeding had been expanded to include claims (either, direct, courter-claims, or cross-claims, depending upon the Party's status) against S. Malpere, Bank of Nova Scotia, SmithBuilt Financial LLC, Martha Hale (hereinafter "Hale"), Alexander Rankin (hereinafter "Rankin"), and a Miraftabi, as trustee of the Anahita Miraftabi Revocable Trust. Further, Hale and Rankin had asserted cross-claims against Defendants S. Malpere and Miraftabi. Finally, S. Malpere had asserted cross-claims against Miraftabi, both individually and in her capacity as trustee.

¶7     Defendant Linda Malpere filed an answer (that included a cross-claim against S. Malpere) on October 21, 2004.[5] On March 15, 2005, National Loan Investors, L.P., filed its answer to the First Amended Complaint. On November 2, 2005, S. Malpere filed an amended answer in which he

---

[3] The record is unclear as to exactly the procedural history of answers and cross-claims of S. Malpere and when any default was lifted. However, by this August 31, 2007 Order, it is clear that S. Malpere was relieved of any disability entry of default may have caused and was granted permission to participate in this Case as though he had timely answered. Indeed, he had filed an amended answer to the Hale and Rankin cross-claims on November 2, 2006, which could not have been filed unless his motion for extension of time had been granted and the default vacated.

[4] The record is also unclear as to exactly when this motion was granted. However, by November 2, 2006, Miraftabi had been granted permission to intervene, as she filed an opposition to S. Malpere's motion for an extension of time to file an answer.

[5] The record is unclear as to when L. Malpere's claims were satisfied. However, it appears that her claims and any such claims against her were disposed of in the January 8, 2007 Order of dismissal; and they were not resurrected by the subsequent clarification Order. This is also confirmed by the October 25, 2007 "Report of the Parties' Planning Meeting Pursuant to Superior Court Rule 39 and Federal Rule of Civil procedure 26(f)," which does not include L. Malpere as a party.

responded to the cross-claims of Martha Hale and Alexander Rankin, claims that had stemmed from an effort to sell Lot 53 to Hale and Rankin.

¶8    On January 3, 2007, by stipulation, Attorney Dodson was substituted for Attorney Magnuson as counsel for Hale and Rankin.  While the background of the involvement of Hale and Rankin is substantial, to summarize, Hale and Rankin had been represented by Attorney Magnuson in their efforts to purchase Lot 53 on Water Island. S. Malpere had retained George Ethridge, Esq. to draft the contract of sale, note, and mortgage that formed the basis for the claims of Rankin and Hale against S. Malpere.  Near the time to execute the relevant documents, Attorney Magnuson experienced a family emergency and could not attend the closing, at which time Attorney Dodson assumed the role of counsel for Rankin and Hale.

¶9    On January 8, 2007, pursuant to a stipulation of the Parties, the Court entered an order of dismissal with prejudice as to "all claims against each and every defendant that has not answered or otherwise moved in response to the complaint and amended complaints."  The Order further granted Sprat Bay's request for dismissal of all claims against each and every Defendant that had not answered or otherwise moved in response to the Complaint and amended Complaints.  Additionally, Hale and Rankin reserved only their cross-claims against Miraftabi and S. Malpere; and Miraftabi reserved her reply and affirmative defenses to such cross-claims.

¶10    On August 30, 2007, the Court entered an Order clarifying which claims had been dismissed; and it explained that the January 8, 2007 Order did not dismiss "the cross-claims of Hale and  Rankin against Miraftabi, as Trustee of the Anahita Miraftabi Revocable Trust, and S. Malpere and as to the reply and affirmative defenses of Miraftabi to such cross-claims."

¶11    On September 17, 2007, Miraftabi, in both her capacities in this Case, filed an answer and counter-claims to the First Amended Cross-claims of Hale and Rankin. Hale and Rankin replied on October17, 2007. On December 17, 2007, Hale and Rankin filed their opposition to what was in substance a motion for summary judgment filed by Miraftabi, seeking a declaratory judgment that the mortgage of Rankin and Hale was satisfied and discharged.

¶12    Document No. 20061171 was recorded by Miraftabi and released the lien of the Plaintiff, Spratt Bay. The release of the lien of SmithBuilt Financial, LLC was recorded on February 9, 2006 (Doc. No. 20061193). Bank of Nova Scotia's release was recorded on February 15, 2006 (Doc. No. 20061428). As of that recording, the only pending lien/mortgage was that of Hale and Rankin. This motion makes clear that Rankin and Hale believed the contract of sale to be in full force and effect, entitling them to demand specific performance under the contract's plain language.

¶13    Following significant motions practice, S. Malpere filed his "Answer to Amended Cross Claim of Hale and Rankin." Further motions practice followed; and on April 7, 2008, Rankin and Hale sought to dismiss Count III of the First Amended counterclaim (filed August 31, 2007) as to only Miraftabi without prejudice. While denying the factual allegations, Miraftabi notified the Court that there was no opposition to granting this dismissal upon the conditions requested.

¶14    On January 22, 2008, Hale and Rankin filed a Notice of Motion to Consolidate this matter with *Alexander Rankin and Martha Hale v. Steven J. Malpere and Anahita Miraftabi*, Case No. ST-2007-cv-00409, which was granted by the Court on March 26, 2010.

¶15    On March 14, 2011, Hale and Rankin jointly submitted with S. Malpere a stipulation of dismissal stating as follows, "The parties ask this Court to dismiss with prejudice all claims between Alexander Rankin and Martha Hale, and Steven J Malpere." Likewise, on March 14, 2011, Hale and

2026 VI Super 5U

Rankin sought to have the stipulation between them and Miraftabi (in both capacities) approved by the Court so that the Court would "dismiss with prejudice all claims between Alexander Rankin and Martha Hale, and Anahita Miraftabi and the Anahita Miraftabi Revocable Trust." On March 16, 2011, the Court dismissed the claims between Rankin and Hale and Miraftabi and as among Rankin and Hale and S. Malpere. Miraftabi answered Malpere's cross-claims on July 20, 2012, following the denial of her motion to dismiss.

¶16    On July 20, 2012, S. Malpere and Miraftabi submitted a scheduling plan, which was approved by Court Order on August 18, 2012.

¶17    On July 19, 2018, the Court entered an Order which recorded that there had been no activity in this case since the Court approved the Report of the Parties Planning Meeting through an Order entered on August 18, 2012. The Court gave the parties until August 20, 2018, to show cause why the remaining claims should not be dismissed with prejudice for failure to prosecute.

¶18    On August 20, 2018, then counsel for Cross-clamant Malpere requested additional time to respond to the Court's July 19, 2018 Order because of a conflict of interest and requested that Cross-clamant S. Malpere be given additional time to find new counsel.

¶19    On August 24, 2018, the Court relieved counsel of his obligation to Cross-clamant S. Malpere and gave S. Malpere sixty (60) days to find new counsel and respond to its Order of July 19, 2018.

¶20    On September 10, 2018, Attorney Vogel entered her appearance on behalf of S. Malpere. On October 4, 2018, Attorney Wilczynski filed a stipulation to substitute for Attorney Vogel; and on October 23, 2018, S. Malpere filed his response to the Court's Order to Show Cause. Miraftabi filed a reply to this filing on October 31, 2018. S. Malpere sought to strike this reply on November 7, 2018.

Following the relevant motions practice, S. Malpere filed a notice of service of discovery on January 29, 2019. On July 25, 2019, S. Malpere filed a notice of service of supplemental disclosures.

¶21    On January 17, 2022, for a reason unbeknownst to this judicial officer, this matter was administratively closed as dismissed.

¶22    Thereafter, when Miraftabi filed an Emergency Motion to Dismiss for Failure to Prosecute on October 29, 2025, it was not brought to the attention of the Court. It was not until Miraftabi filed an Emergency Motion for Status Conference on April 28, 2026, that it was determined that this case was erroneously closed. Despite, the Court's file being closed, Miraftabi certifies that the October 29, 2025, was served on counsel for S. Malpere. To date, there has been no response to the Motion to Dismiss for Failure to prosecute.

## LEGAL STANDARD

¶23    A plaintiff has an affirmative duty to take steps to bring a case forward, and the failure to do so can result in dismissal for failure to prosecute.[6] Rule 41(b) of the Virgin Islands Rules of Civil Procedure provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."[7] In *Halliday v. Footlocker Specialty, Inc.*,[8] the Supreme Court of the Virgin Islands adopted the six-factor "*Poulis* test" for analyzing a motion to dismiss for failure to prosecute.[9] Referring to these factors as the "*Halliday* Factors," the Virgin Islands Supreme Court has held that the Superior

---

[6] *See Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010) (stating that "unlike a plaintiff, a defendant possesses no affirmative duty to take any steps to bring a case to trial prior to filing a motion to dismiss for failure to prosecute").

[7] V.I.R. CIV. P. 41(b).

[8] 53 V.I. 505 (V.I. 2010).

[9] *See Kuykendall v. Hart*, 70 V.I. 574, 579 (V.I. Super. Ct. 2019) (acknowledging that the *Halliday* Factors were taken from *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), and have been followed by Virgin Islands courts for decades, referring to them as the "*Halliday* Factors").

2026 VI Super 5U

Court may not dismiss an action for failure to prosecute unless the following factors strongly weigh in favor of dismissal: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or the attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal; and 6) the meritoriousness of the claim or defense.[10]

¶24 The Supreme Court also noted that dismissal for failure to prosecute is an "extreme" sanction "reserved for instances in which 'a trial court makes appropriate findings to all six factors.'"[11] While all of these factors must be considered, and the balance must weigh strongly in favor of dismissal, dismissal may still be appropriate even though some factors do not lean toward dismissal.[12]

## ANALYSIS

### 1. The Extent of the Parties' Personal Responsibility

¶25 A plaintiff has an affirmative duty to move a case forward, and this premise assumes that the plaintiff wants to pursue a claim.[13] To determine a plaintiff's personal responsibility in failing to move a case forward, the Court examines the plaintiff's conduct and whether that conduct reflects personal failure to take action in the case.[14] This factor is typically found to

---

[10] *See Id.* at 510-11 (finding that "dismissal as a sanction for failure to prosecute cannot be warranted unless a trial court makes appropriate findings with respect to all six factors and concludes that, on balance, dismissal is warranted").

[11] *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 186 (V.I. 2012) (quoting *Halliday*, 53 V.I. at 511).

[12] *Halliday*, 53 V.I. at 511; *see also Albert v. Hess Oil V.I. Corp.*, 70 V.I. 316, 330 (V.I. Super. Ct. 2019) (concluding that a trial court is not required to find that all the factors weigh in favor of dismissal).

[13] *See Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010); *see also Shefi Diamonds, Inc. v. Saker Shalhout, et al.*, No. ST-11-CV-65, 2023 V.I. Super 50, at *14 (V.I. Super. Ct. Aug 22, 2023) (citing *Encarnacion v. Gov't of the Virgin Islands*, No. SX-15-CV-533, 2018 V.I. LEXIS 73, at *4 (V.I. Super Ct. July 31, 2018)).

[14] *See Watts*, 54 V.I. at 300 (Swann, J., concurring).

2026 VI Super 5U

weigh against dismissal where Plaintiff is represented by counsel.[15] While there no indication that S. Malpere bears personal responsibility for counsel's inability to move this matter forward, S. Malpere, like any claimant, can take some steps to advance his litigation. However, there is no indication that, in the last seven (7) years, S. Malpere has chosen to avail himself of any of the available steps to prosecute his case.

¶26    Yet, while there is no evidence on the record that S. Malpere's conduct prevented his counsel from moving the case forward, there is also no indication of any attempts by either S. Malpere or counsel to actively prosecute these claims. Courts in this jurisdiction have found that the client bears some responsibility for moving the case forward.[16] In *Robles v. Joseph*, where neither the plaintiff nor her counsel was proactive in moving a case forward in two years after filing the initial complaint, the Superior Court determined, "at some point the responsibility becomes that of the client's to ensure that the case is progressing."[17] The Court reaches the same conclusion here. In this case, neither S. Malpere nor his counsel did anything to move the case forward since 2019, almost seven (7) years, which is much longer than the plaintiffs remained inactive in *Robles*. After filing a Notice of Service of First Supplemental Rule 26 Disclosures on July 25, 2019, S. Malpere did not advance or prosecute his claims. Plaintiff took no other substantial action to move this matter forward. The Court also notes that the discovery deadline

---

[15] *See id.* at 310 (noting that a court should have imposed sanctions on a party's counsel, not the party, because it is unjust to punish a party who personally did nothing wrong).

[16] *Cf. St. Thomas Cargo & Ship Servs., Inc. v. Braga*, 2025 VI SUPER 40, ¶ 39 (V.I. Super. Dec. 1, 2025) ("STT Cargo, after having been served with process that stated the date of the Small Claims Trial, gave those documents to counsel and failed to take any subsequent actions. This does not show good faith or reasonable conduct; and 'Defendant [STT Cargo], like all other defendants, must, in the absence of a showing of incapacity, be held responsible for reading properly served legal process and taking appropriate action. In this case, such action would certainly have been no less than contacting the attorney with whom defendant left the original complaint.'" (quoting *Scatliffe ex rel. Frazer v. George*, No. CIV. 265/1979, 1980 WL 626215, at *3 (V.I. Super. Ct. June 12, 1980) (unpublished))).

[17] *Robles v. Joseph*, No. SX-15-CV-348, 2017 V.I. LEXIS 134, at *4 (V.I. Super. Ct. Aug. 23, 2017) (unpublished).

was September 31, 2012, and was never extended by the Court. Therefore, the service of initial disclosures (or any supplement) did not cause this matter to advance.

¶27    Accordingly, and in particular because of the personal delay of S. Malpere in failing to follow up with counsel, the Court finds that this factor weighs in favor of dismissal.

## 2. Prejudice to the Adversary

¶28    Prejudice to the adversary does not mean "irremediable harm" but refers to the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy."[18] It includes the "'loss of opportunity to present some material aspect of the case,' 'the expenditure of money or similar detrimental changes in position by one side in reliance on the action or inaction of another,' and the imposition of 'additional trial preparation, and added expense.'"[19] Prejudice to the adversary is caused by the "failure to meet scheduling orders and respond to discovery," and must be shown by more than just general delay in the case.[20]

¶29    The significant delay certainly makes it more difficult for Miraftabi to defend against S. Malpere's claims. Virgin Islands Courts have found that significantly shorter delays than the approximately seven (7) years at issue here have prejudiced a defendant.[21] These courts have reasoned that such delays can impede a defendant's ability to prepare a defense because time can cause evidence to be lost, memories to fade, and witnesses to become unavailable.[22] In this matter, much of the written discovery has been exchanged; and there appears to be little further

---

[18] *Watts*, 54 V.I. at 291.

[19] *Greene v. V.I. Water and Power Authority*, 67 V.I. 727, 738 (V.I. 2017) (citing *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Grp.*, 56 S.W.3d 557, 568 (Tenn. 2001) (internal citations omitted)).

[20] *Kuykendall v. Hart*, 70 V.I. 574, 581 (V.I. Super. Ct. 2019) (citing *Greene*, 67 V.I. at 741 n.7).

[21] *See Watts*, 54 V.I. at 293 (finding that the Superior Court did not err when it held that the lack of any meaningful discovery in the four years since the complaint had been filed prejudiced the defendant); *see also Modeste v. V.I. Police Dept.*, 77 V.I. 280, 288 (V.I. Sup. Ct. 2023) (determining that a defendant was prejudiced by a delay of three years); *Robles*, 2017 V.I. LEXIS 134, at *4 (finding that a plaintiff was personally responsible for the delay and that the defendant was prejudiced when the case remained dormant for two years).

[22] *Modeste*, 77 V.I. at 288.

discovery that remains as to documents. However, there does not appear to have been any depositions of any witnesses, whether they were ever a party to this litigation or not, during which witnesses could be cross-examined as to the meaning of the various documentary evidence. Notably, there is a factual dispute as to whether there was a business relationship or personal relationship and how that status impacted all the transactions that are the subject of this litigation. The attorneys who had assisted with much of those matters have either passed away or not revisited their representation of the Parties hereto. Additionally, the death of counsel who drafted contracts and legal documents relevant to this action[23] impedes both Parties from developing factually their cases.

¶30    Additionally, even if the length of the delay alone has not prejudiced Miraftabi, S. Malpere and his counsel have failed to respond to the Motion to Dismiss in over six (6) months thereby prolonging the period of inactivity and further exacerbating the fading of memories and other loss of evidence.

### 3. A History of Dilatoriness

¶31    A history of dilatoriness is "characterized by conduct involving consistent delay by the plaintiff's counsel."[24] Such conduct includes "consistent non-responses to interrogatories, or consistent tardiness in complying with court orders."[25] Conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness' as the conduct must be "extensive" or

---

[23] Attorney Ethridge, as counsel who drafted the documents in relation to Lot 53, would have personal knowledge of his first-hand observations of S. Malpere and the reasons he gave for wishing to enter into the contract of sale with Rankin and Hale.

[24] *Watts*, 54 V.I. at 306 (Swann, J., concurring) (citing *Poulis*, 747 F.2d at 868).

[25] *Id.* (quoting *Briscoe v. Klaus*, 538 F.3d 252, 260 (3d Cir. 2008)).

2026 VI Super 5U

demonstrate "repeated delay or delinquency."[26] The Superior Court is required to evaluate this factor "'in light of [the plaintiff's] behavior over the life of the case.'"[27]

¶32     The Court finds that the length of the delay and S. Malpere's counsel's inaction in this case demonstrates a history of dilatoriness. But in this case, considering that no action has been taken at all in the last seven (7) years, and counsel's failure to respond to the Motion to Dismiss continues to demonstrate a lack of urgency in prosecuting this matter. Notably, a client is not free to never follow up with their counsel and thereby insulate themselves from evaluation under the *Halliday* Factors. While retaining new counsel excuses some delay, the amount of time that has elapsed in this matter cannot solely be attributed to counsel, indicating that it was the Party who also dawdled and failed to act. This factor weighs in favor of dismissal.

### 4.  Whether the Party's Conduct was Willful or in Bad Faith

¶33     Conduct that is willful or made in bad faith has been described as "deliberate and contumacious," and behavior that is "intentional or self-serving."[28] Specific evidence must be found that justifies a determination of willfulness or bad faith.[29] If there is no evidence of willfulness or bad faith conduct on the record, a trial court cannot presume such a conclusion, and must instead conclude that the conduct was not willful.[30] However, some Virgin Islands

---

[26] *Id.* (citing *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984)).

[27] *Molloy v. Indep. Blue Cross*, 56 V.I. 155, 191 (V.I. 2012) (quoting *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust*, 29 F.3d 863, 875 (3d Cir. 1994)).

[28] *Id.* at 398 (citing *Poulis*, 747 F.2d at 868 (quoting *Briscoe*, 538 F.3d at 260)); *see also Ventura v. V.I. Hosp. & Health Facilities Corp.*, No. SX-2010-CV-00453, 2021 V.I. LEXIS 72, at *14 (V.I. Sup. Ct. Aug. 30, 2021) (unpublished) (quoting *Adams v. Trustees of the N.J. Employees' Pension Trust Fund*, 20 F.3d 863, 875 (3d. Cir. 1994) ("Willfulness involves intentional or self-serving behavior")).

[29] *Ventura*, 2021 V.I. LEXIS 72, at *14 (citing *Molloy*, 56 V.I. at 192).

[30] *Molloy*, 56 V.I. at, 192.

courts have found bad faith without specific evidence on the record based on a plaintiff's complete lack of action.[31]

¶34     While the Court does not find specific conduct by S. Malpere or his counsel to be willful, the Court finds that such an extensive delay in moving this matter forward approximately seven (7) years, demonstrates a lackadaisical approach that supports the finding of willfulness. In line with the findings by the courts in *Robles* and *Modeste*, the case remaining dormant for seven (7) years because of Plaintiffs' failure to take any action suggests some degree of willfulness. Accordingly, this factor supports dismissal.

### 5. Effectiveness of Sanctions Other than Dismissal

¶35     Dismissal for failure to prosecute is a harsh sanction that "'the court should only order in extreme situations showing a clear record of contumacious conduct by the plaintiff.'"[32] Courts should consider the availability of alternative sanctions such as imposing costs and attorneys' fees on the plaintiff's counsel.[33] Alternative sanctions include excluding evidence, precluding witnesses, striking portions of pleadings, or imposing monetary sanctions to compensate the harmed party for reasonable expenses caused by the noncompliance.[34]

¶36     In *Hassan v. Bishop*, the Superior Court found that alternative sanctions such as imposing monetary sanctions, precluding witnesses, or excluding evidence were not appropriate because "taking everything into consideration – such as the fact that Plaintiff's claim against Defendant has been pending since the inception with minimal movement and Plaintiff['s] dilatory and

---

[31] *Robles,* (finding that a case that was dormant for two years involved "some degree of willfulness or bad faith"); *see also Modeste*, 77 V.I. at 288.

[32] *Watts*, 54 V.I. at 309 (Swann, J., concurring) (quoting *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008)).

[33] *Id.* at 310 (citing *Poulis*, 747 F.2d at 869).

[34] *Gilbert v. Gilbert*, No. SX-15-CV-508, 2017 V.I. LEXIS 143, at *10 (V.I. Super. Ct. Sept. 11, 2017) (unpublished).

2026 VI Super 5U

lackadaisical approach to his claim against Defendant – the Court finds that there lacks a clear interest on Plaintiff's part to pursue its case against Defendant."[35] The Court finds a similar lackadaisical approach here. Because of Malpere's lack of interest in pursuing the case, sanctions other than dismissal would be futile. This factor therefore weighs in favor of dismissal.

### 6. Meritoriousness of the Party's Claims

¶37 "A claim, or defense, will be deemed meritorious when the allegations in the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense."[36] The Court finds this factor is neutral because both S. Malpere and the Miraftabi assert claims and defenses that would survive this jurisdiction's notice pleading standard, and both parties' claims and defenses should be found meritorious. Taking the facts alleged in the complaint to be true, Malpere's claim(s) may be viewed as meritorious. Virgin Islands courts have determined that the standard for determining whether a claim is meritorious in the context of a motion for failure to prosecute is not as stringent as a summary judgment standard, and the plaintiff does not have to provide evidence to substantiate the claim.[37] Like the Superior Court found in *Hassan v. Bishop*, if Plaintiff's allegations are established at trial, they would support recovery.[38] Therefore, the Court finds this factor weighs against dismissal.

### CONCLUSION

¶38 A plaintiff has an affirmative duty to prosecute their claims and to move a case forward. Failure to do so can result in dismissal for failure to prosecute.[39] In determining whether to dismiss

---

[35] *Hassan v. Bishop*, No. SX-2017-CV-302, 2023 V.I. LEXIS 12, at *11 (V.I. Super. Ct. May 1, 2023).

[36] *Poulis*, 747 F.2d at 869-70.

[37] *Bishop*, 2023 V.I. LEXIS 12, at *21.

[38] *See id.* at *23 (finding that the plaintiff stated facts alleging the elements of negligence when he claimed he was struck by the defendant's vehicle while crossing the street and suffered injuries).

[39] *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 292 (V.I. 2010).

for failure to prosecute, Virgin Islands courts must consider and balance the six *Halliday* Factors adopted by the Supreme Court in *Halliday v. Footlocker*.[40] After conducting this balancing test, the Court finds that five of the six factors support dismissal. The nearly seven (7) years that S. Malpere failed to take any substantive action to move the case forward demonstrates an objective lack of interest in pursuing this case such that dismissal is warranted.

Accordingly, it is hereby

**ORDERED** that the caption is hereby amended as shown in this Memorandum Opinion and Order; and it is further

**ORDERED** that Defendant Miraftabi's Motion to Dismiss for Failure to Prosecute is **GRANTED**; and it is further

**ORDERED** that **THIS MATTER IS DISMISSED FOR FAILURE TO PROSECUTE**; and it is further

**ORDERED** that Defendant Miraftabi's Emergency Motion for Status Conference is **DENIED** as **MOOT**; and it is further

**ORDERED** that all pending motions are **DENIED** as **MOOT**; and it is further

**ORDERED** that the Clerk of Court is directed to **CLOSE** this file; and it is further

**ORDERED** that a copy of this Order shall be directed to counsel of record.

DATE: May 12, 2026

_____
**HONORABLE SIGRID M. TEJO**
**Superior Court of the Virgin Islands**

ATTEST:
TAMARA CHARLES
Clerk of the Court.
BY: _____
DONNA D. DONOVAN
Court Clerk Supervisor 05 / 12 / 2026

---

[40] 53 V.I. 505, 510 (V.I. 2010).